# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIDE AZZINI, et al., <br><br> Plaintiffs, <br> vs. <br> COUNTRYWIDE HOME LOANS, et al., <br><br> Defendants. | CASE NO. 09cv787 DMS (CAB) <br><br> **ORDER GRANTING COUNTRYWIDE HOME LOANS, INC.'S MOTION TO DISMISS** |

Presently before the Court is Defendant Countrywide Home Loans, Inc.'s ("Countrywide") motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). (Doc. 27.) For the following reasons, the motion is granted.

## I.
## BACKGROUND

On or about December 15, 2005, Plaintiffs Davide Azzini and Mario Rosa ("Plaintiffs") executed a loan on real property located in Imperial Beach, California. (FAC ¶¶ 7, 32.) Plaintiffs allege that multiple defendants engaged in unlawful lending practices. (*Id*. at ¶¶ 31, 36.) As to Defendant Countrywide, Plaintiffs allege eight claims for relief: (1) violation of California's Rosenthal Act, Cal. Civ. Code § 1788, et seq.; (2) negligence; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, et seq.; (4) breach of fiduciary duty; (5) fraud; (6) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (7) breach of contract and; (8) breach of the implied covenant of good faith and fair dealing.

Plaintiffs filed their complaint on April 16, 2009.  (Doc. 1.)  Countrywide filed a motion to dismiss, which this Court denied as moot after Plaintiffs filed their FAC. (Docs. 19-21.)  Countrywide filed the instant motion on September 25, 2009, (Doc. 27), and Plaintiffs filed an opposition. (Doc. 30.)  Countrywide did not reply.

## II.

## LEGAL STANDARD

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth."  *Id.* at 1951.  It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.

## III.

## DISCUSSION

The FAC does not plainly state how Countrywide is involved in the alleged unlawful lending practices.  Plaintiffs allege that Defendants Morgan, and Gambino, aka Duhommel, fraudulently induced Plaintiffs to enter into a home loan.  (FAC ¶¶ 24-32.)  Morgan and Gambino, along with Defendants Johnson, Crowder, and Kwasny allegedly were employed by Defendant Morningstar Capital Corp.  (*Id.* at ¶¶ 13-14.)  Plaintiffs' loan was secured by a deed of trust which identifies Defendant Home Capital Funding, dba Harbor Capital Group, as the lender, and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender.  (*Id.* at ¶ 32.)  The only

mention of Countrywide, however, is that Plaintiffs mailed Countrywide a Qualified Written Request ("QWR") under RESPA to rescind the loan in accordance with the Truth in Lending Act ("TILA"), and that Countrywide failed to respond. (*Id.* at ¶ 34.) Countrywide's motion to dismiss reveals that Countrywide is the servicer of Plaintiffs' loan. (Mot. at 1.)

Countrywide seeks dismissal of the eight claims for relief asserted against it in the FAC for failure to state a claim. Plaintiffs agreed to dismiss without prejudice the claims for breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing. The remaining claims are addressed in turn.

**A.     Rosenthal Act**

Plaintiffs allege Countrywide is a debt collector under the Rosenthal Act and that it acted unlawfully by "collecting on a debt not owed to Defendants, making false reports to credit reporting agencies, foreclosing upon a void security interest, foreclosing upon a Note of which they were not in possession nor otherwise entitled to payment, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt." (FAC ¶ 68-69.)

To the extent Plaintiffs' attempt to state a claim for foreclosure upon a note which Countrywide was not in possession, the claim fails. Countrywide correctly argues it may foreclose on the property without possession of the note. "[California] Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). In such a sale, no party needs to physically possess the promissory note. *See* Cal. Civ. Code § 2924(a)(1) (trustee's sale may be conducted by the "trustee, mortgagee, or beneficiary or any of their authorized agents"). Because "[t]he comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive," the Court cannot "incorporate [the UCC's possession rule] into statutory nonjudicial foreclosure proceedings." *Moeller*, 25 Cal. App. 4th at 834.

The remaining allegations are conclusory and not supported by any factual allegations. For example, Plaintiffs state Defendants used "unfair and unconscionable means" to collect a debt, yet there are no allegations of threats, harassing phone calls, or other such activity specifically prohibited

under the Rosenthal Act. *See, e.g.*, Cal. Civ. Code §§ 1788.10, 1788.11, 1788.13. Accordingly, Plaintiffs' Rosenthal Act claim is dismissed with leave to amend.

**B.     Negligence**

Countrywide argues Plaintiffs' negligence claim fails because Countrywide, as a mere loan servicer, owes no duty of care to Plaintiffs. Plaintiffs argue Countrywide owed a duty to service Plaintiffs' loan with due care to avoid to harm to Plaintiffs. Plaintiffs further argue that Countrywide has violated RESPA and therefore is negligent *per se*.

To plead a claim for negligence, a plaintiff must show a legal duty of care, breach of that duty, and that the breach was the proximate or legal cause of the plaintiff's injury. *United States Liability Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 594 (1970). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). This rule has been applied to loan servicers. *See Mulato v. WMC Mortgage Corp.*, 2009 U.S. Dist. LEXIS 100070 at *8 (N.D. Cal. 2009); *Shepherd v. Am. Home Mortg. Servs.*, 2009 U.S. Dist. LEXIS 108523 (E.D. Cal. 2009) ("[L]oan servicers do not owe a duty to the borrowers of the loans they service."). Plaintiff has failed to allege that Countrywide's involvement in the loan transaction exceeds the scope of its conventional role as a loan servicer. Accordingly, Plaintiffs' claim for negligence is dismissed with leave to amend.[1]

**C.     RESPA**

Plaintiffs make two RESPA allegations against Countrywide: one, that Countrywide violated RESPA by failing to make required disclosures (FAC ¶ 83), and two, that Countrywide did not respond to Plaintiffs' QWR, which was mailed April 13, 2009. (*Id*. at ¶ 34, 84.) Countrywide argues the violations are time barred because Plaintiffs completed the loan in 2005 and did not bring the action until 2009. Further, Countrywide argues Plaintiffs do not allege facts to establish that RESPA applies to the Plaintiffs' loan. Plaintiffs argue the failure to respond to the QWR is not time barred,

---

[1] Although Plaintiffs claim that Countrywide is negligent *per se* because of alleged RESPA violations, this allegation does not appear anywhere in the FAC. Further, as discussed below, Plaintiffs' RESPA claim fails.

and the statute of limitations is equitably tolled.

Plaintiffs allege violations of § 2605 of RESPA, which has a three year statute of limitations. 12 U.S.C. § 2614. The claims arising in 2005 are time barred unless the statute of limitations is equitably tolled. The Ninth Circuit has not addressed whether RESPA is subject to equitable tolling, but several district courts have found the doctrine applies. *See Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1118 (E.D. Cal. 2009).

Equitable tolling may arise where there is excusable delay by the plaintiff. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. Cal. 2000) "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Id*. Here, Plaintiffs' only allegation to support equitable tolling is: "The facts surrounding this loan transaction were purposefully hidden to prevent Plaintiffs from discovering the true nature of the documents. Facts surrounding this transaction continue to be hidden from Plaintiffs to this day." (FAC ¶ 31.) This allegation is insufficient to show that Plaintiffs exercised due diligence or that any excuse for their delay exists. The FAC makes no mention of any relevant events between the closing date of December 19, 2005, and the letter Plaintiffs wrote to Countrywide on April 13, 2009. Specifically, the FAC fails to explain why it took Plaintiffs until 2009 to discover the alleged violations.

The second RESPA allegation against Countrywide concerns Countrywide's failure to respond to Plaintiffs' QWR. Loan servicers are required to take action within 60 days of receipt of a QWR. Since the QWR was mailed in April 2009, the claim is not time barred. However, the claim fails because Plaintiffs never allege Countrywide is a loan servicer. Countrywide's role in this case came to light only through Countrywide's motion to dismiss. Accordingly, Plaintiffs' RESPA claims are dismissed with leave to amend.

**D.     Fraud**

Defendant argues Plaintiffs' fraud claim is not pled with particularity, as required by Rule 9 of the Federal Rules of Civil Procedure. A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir.1995). The same is true for allegations of fraudulent

conduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106. Plaintiffs claim the pleading is sufficient because Plaintiffs were fraudulently induced into accepting a predatory mortgage loan and Countrywide endorsed the fraud by continuing to collect mortgage payments after Countrywide was informed of the fraud by the QWR. Again, however, the FAC does not allege that Countrywide collected mortgage payments or that the QWR informed Countrywide of the fraud. The FAC fails to plead fraud with requisite particularity. Plaintiff's claim is dismissed with leave to amend.

### E.   UCL

The UCL proscribes "any unlawful, unfair or fraudulent business act or practice[.]" These varieties of unfair competition are disjunctive, *i.e.*, any act that is " 'unlawful, unfair[,] or fraudulent' "can serve as the basis for a claim of unfair competition liability. *Cel-Tech Commn's, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999); *In re Pomona Valley Med. Group*, 476 F.3d 665, 674 (9th Cir. 2007). Countrywide argues the UCL claim fails because Plaintiffs have not properly pled any statutory violations. The Court agrees. Plaintiffs argue that they alleged multiple statutory violations, including RESPA and Rosenthal Act violations, which are incorporated into the UCL claim. As discussed above, the RESPA and Rosenthal Act claims fail as to Countrywide, and therefore cannot support the UCL claim. Accordingly, Plaintiffs' UCL claim is dismissed with leave to amend.

Further, Countrywide correctly argues that the UCL does not provide for damages. "{N]o one may recover damages under [the UCL]." *Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 232 (2006); *see Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950 (2002) (civil penalties are not available to private plaintiffs in a UCL claim). Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike "requested relief [that] is not recoverable as a matter of law." *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005); *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal 1992) (striking UCL restitution claims as irrelevant because plaintiffs failed to adequately distinguish such claims from damages claims, which are not recoverable under UCL). Because damages are not available under the UCL, any references to damages in Plaintiffs

UCL claim is stricken.

### F. Tender

Defendant argues the FAC should be dismissed in its entirety because Plaintiffs failed to allege they tendered monies owed under the loan. According to Defendant, the tender requirement applies to any claim for relief for irregularity in a foreclosure sale. *Abdullah v. United Savings Bank,* 43 Cal. App. 4th 1101, 1009 (1996). (*Id.*) Defendant argues that the tender requirement also applies to bar any claim "implicitly integrated" in the foreclosure sale, citing *Arnolds Management Corp.* 158 Cal. App. 3d 575, 579 (1984). (*Id.*) Therefore, Defendant asserts the FAC should be dismissed, because Plaintiffs' failure to allege tender of monies due renders the FAC insufficient, as every claim "relate[s] directly" to the pending foreclosure sale. (*Id.*)

These cases are distinguishable, however, as they involve a debtor's attempt to set aside a foreclosure that has already occurred based upon irregularities in the sale. "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971). Here, Plaintiffs do not seek to set aside a foreclosure sale because of irregular or unlawful sale procedures; rather, they seek relief for a host of allegedly fraudulent and unlawful business practices relating to the marketing of the subject loan. Accordingly, the motion is denied on this ground.

## III.
## CONCLUSION

For the foregoing reasons, Countrywide's motion to dismiss is granted.[2] Plaintiffs may file a second amended complaint consistent with this Order within twenty (20) days of entry of this Order on the Court's docket.

**IT IS SO ORDERED.**

DATED: December 29, 2009

HON. DANA M. SABRAW
United States District Judge

---

[2] Since all claims against Countrywide are dismissed, the Court declines to reach Countrywide's motion to strike Plaintiffs' requests for punitive damages and injunctive relief.