# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIDE AZZINI, et al.,<br><br>          Plaintiffs,<br>vs.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>          Defendants. | CASE NO. 09cv787 DMS (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART COUNTRYWIDE HOME LOANS, INC.'S MOTION TO DISMISS**<br><br>[Doc. 35] |

Presently before the Court is Defendant Countrywide Home Loans, Inc.'s ("Countrywide") motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). (Doc. 35.) For the following reasons, the motion is granted in part and denied in part.

## I.

## BACKGROUND

On or about December 19, 2005, Plaintiffs Davide Azzini and Mario Rosa ("Plaintiffs") executed a loan on real property located in Imperial Beach, California. (SAC ¶¶ 7, 47.) Plaintiffs allege that multiple defendants engaged in unlawful lending practices. (*Id*. at ¶¶ 19-70.) As to Defendant Countrywide, Plaintiffs allege five claims for relief: (1) fraud; (2) negligence; (3) violation of California's Rosenthal Act, Cal. Civ. Code § 1788, et seq.; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, et seq..

1  Plaintiffs filed their complaint on April 16, 2009. (Doc. 1.) Countrywide filed a motion to
2  dismiss, which this Court denied as moot after Plaintiffs filed their First Amended Complaint
3  ("FAC"). (Docs. 19-21.) On December 29, 2009, the Court granted Countrywide's motion to dismiss
4  Plaintiffs' FAC. (Doc. 31.) Plaintiffs filed the SAC on January 18, 2010. (Doc. 33.) Countrywide
5  filed the instant motion on February 4, 2009, (Doc. 35), and Plaintiffs filed an opposition. (Doc. 36.)
6  Countrywide did not reply.

## II.
## LEGAL STANDARD

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

## III.
## DISCUSSION

Countrywide moves to dismiss all claims against it for failing to state a claim. Plaintiffs agreed to dismiss without prejudice the RESPA claim. The remaining claims are addressed in turn.

**A.    Fraud**

Defendant argues Plaintiffs' fraud claim is not pled with particularity, as required by Rule 9 of the Federal Rules of Civil Procedure. A pleading will be "sufficient under Rule 9(b) if it identifies

the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir.1995). The same is true for allegations of fraudulent conduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106. The elements of a fraud claim are false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages. *Id.*

Plaintiffs' fraud claims are based largely on allegations related to other Defendants, not Countrywide. Plaintiffs contend that Defendants Morningstar, Morgan, Duhommel, Crowder, Kwasny and Johnson were all involved in fraudulently inducing Plaintiffs into a predatory loan. Plaintiffs contend Defendant Home Capital committed fraud when it approved the loans despite its knowledge that the loan contained false information. As to Defendant Countrywide, however, Plaintiffs argue that Countrywide "tacitly accepted and endorsed" the fraud when it collected mortgage payments from Plaintiffs after being told in a QWR that the loans were void due to fraud at the inception. Assuming this constitutes a false representation, Plaintiffs fail to allege justifiable reliance and intent to defraud. Additionally, Plaintiffs allege Countrywide added costs and charges to the payoff amount of the Note that were not proper, but there is no explanation of what these charges were or why they were fraudulent. Plaintiffs also argue that Countrywide encouraged its employees and agents to act in a fraudulent manner, but there is no explanation of what employees were told or how their actions were fraudulent. Accordingly, the Court grants Countrywide's motion to dismiss Plaintiffs' first cause of action for fraud.

**B.     Negligence**

Countrywide contends the negligence claim fails because it does not owe a duty of care to Plaintiffs. Plaintiffs argue Countrywide has a duty to perform its lender/servicing function in such a manner as to not cause Plaintiffs harm, and that it breached the duty of care by failing to ensure it had properly acquired an interest in the Notes, by taking payments to which it was not entitled, and by wrongfully making negative reports on Plaintiffs' credit. Further, Plaintiffs argue that Countrywide failed to adequately supervise its employees.

As discussed in the previous motion to dismiss, generally "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). This rule has been applied to loan servicers. *See Mulato v. WMC Mortgage Corp.*, 2009 U.S. Dist. LEXIS 100070 at *8 (N.D. Cal. 2009); *Shepherd v. Am. Home Mortg. Servs.*, 2009 U.S. Dist. LEXIS 108523 (E.D. Cal. 2009) ("[L]oan servicers do not owe a duty to the borrowers of the loans they service."). Here, Plaintiffs have again failed to allege that Countrywide's involvement in the loan transaction exceeded the scope of its conventional role as a loan servicer. Accordingly, Plaintiffs' negligence claim fails.

**C.   Rosenthal Act**

Plaintiffs contend Countrywide violated the Rosenthal Act by sending threatening and deceptive letters and making threatening and deceptive phone calls, repeatedly making false reports to credit reporting agencies about Plaintiff's credit standing, falsely stating the amount of Plaintiffs' mortgage debt, falsely stating that a debt was owed to Countrywide and falsely stating Plaintiffs' payment history. (SAC ¶¶ 142-144.)

Defendant first contends the Rosenthal Act claim fails because a residential mortgage loan is not "debt" under the statute. The cases cited by Defendant, however, stand for the proposition that foreclosure pursuant to a deed of trust does not constitute "debt collection." Here, Plaintiffs' claims do not stem from foreclosure activity, rather they stem from allegations that Countrywide sent threatening and deceptive letters, made threatening and deceptive phone calls, and engaged in other unlawful acts.

Defendant next argues that the allegations that Countrywide is a "debt collector" and that it engaged in unlawful acts are conclusory and do not cure the defects from the FAC. In the FAC, however, it was unclear what Countrywide's role was in Plaintiffs' claims. Now, Plaintiffs allege that Countrywide is a loan servicer, it has collected mortgage payments from Plaintiffs, it is a debt collector under the Rosenthal Act, and has engaged in acts such as making "threatening and deceptive phone calls." Accordingly, Countrywide's motion to dismiss the Rosenthal Act claim is denied.

///

**D.     UCL**

Defendant contends Plaintiffs' UCL claim fails because the RESPA and Rosenthal Act claims fail. Since the Court concludes the Rosenthal Act claim is adequately pled, the UCL claim stands. Defendant further argues the Court should dismiss the UCL claim because Plaintiffs allege they suffered damages, and the Court previously struck any reference to damages. (*See* Doc. 31 at 6-7.) The Court declines to dismiss the claim on these grounds, but again strikes any references to damages.

## IV.
## CONCLUSION

For the reasons set forth above, Countrywide's motion to dismiss is granted in part and denied in part. If Plaintiff seeks to amend the dismissed claims, it may file an amended complaint within twenty (20) days of the date this Order is electronically posted. If Plaintiffs again fail to cure the defects in the complaint, the claims will be dismissed with prejudice on Defendant's motion. The parties shall contact the Magistrate Judge and schedule a status conference to occur within thirty (30) days of the filing of this Order. At the status conference, all dates, including a trial date, shall be set.

**IT IS SO ORDERED.**

DATED: March 15, 2010

_____
HON. DANA M. SABRAW
United States District Judge